IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALONZO TONY CAMPBELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 03-CV-214-TCK-SAJ |
| | ) |
| RON WARD, Director, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus proceeding. Petitioner is a state inmate appearing *pro se*. Respondent filed a response to the petition (Dkt. # 6). Respondent also provided state court records and trial transcripts (Dkt. #s 6 and 7) for the Court's use in evaluating Petitioner's claims. Petitioner filed a reply to Respondent's response (Dkt. # 9). For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

In the early morning hours of January 17, 1999, Carlton James Peters and Andre L. Marshall were shot while they were in a car that had just pulled into the parking lot of the Escape Club, located in Tulsa, Oklahoma. Peters, the driver of the car, died as a result of a gunshot wound to the chest. Marshall, a passenger in the car, sustained gunshot wounds to the arm and leg, but survived the shooting. Evidence recovered from the scene and from the victims indicated that at least thirteen (13) shots were fired into the car from three (3) separate firearms. Based on information obtained from witnesses, Petitioner Alonzo Tony Campbell, Erin Silmon, and Brandon Ballard were arrested in connection with the shootings. They were charged in Tulsa County District Court, Case No. CF-

1999-277, with First Degree Murder (Count 1) and Shooting With Intent to Kill (Count 2).

Petitioner and his co-defendant Silmon were tried jointly, but were severed from proceedings against co-defendant Ballard. Petitioner was represented by retained counsel, W. Creekmore Wallace. Silmon was represented by attorney Caesar Latimer. At the conclusion of a jury trial, held November 15-22, 1999, both Petitioner and Silmon were found guilty as charged. The jury recommended that both be sentenced to life imprisonment without the possibility of parole (Count 1), and to life imprisonment (Count 2). On December 22, 1999, the trial court judge sentenced Petitioner in accordance with the jury's recommendation, ordering that the sentences were to be served consecutively.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA"). On appeal, Petitioner continued to be represented by attorney W. Creekmore Wallace. He raised seven (7) propositions of error as follows:

| | |
|---|---|
| Proposition 1: | The court erred in limiting the defendant's peremptory challenges. |
| Proposition 2: | The court erred in admitting into evidence exhibits #45 through Exhibit #53 and allowing testimony as to those exhibits. |
| Proposition 3: | The court erred in allowing the testimony of Jaquilene Silmon to be considered as substantive evidence. |
| Proposition 4: | The court erred in allowing the introduction of a bullet found in front of Defendant's mother's residence. |
| Proposition 5: | The court erred in refusing to require witness Mayo to disclose his address. |
| Proposition 6: | The court erred in not declaring a mistrial based upon juror threat. |
| Proposition 7: | The trial was unnecessarily infused with fear denying the Defendant a fair trial. |

(Dkt. # 6, Ex. A). In an unpublished opinion, filed April 13, 2001, in Case No. F-2000-19 (Dkt. #

6, Ex. C), the OCCA found none of Petitioner's allegations of error had merit and affirmed the Judgment and Sentences of the trial court. Nothing in the record suggests Petitioner filed a petition for writ of *certiorari* in the United States Supreme Court.

On March 22, 2002, Petitioner filed an application for post-conviction relief. See Dkt. # 1, attachment. By order filed May 1, 2002, the state district court noted that "[i]t is somewhat difficult to ascertain exactly what issues Petitioner is raising in his application," but nonetheless denied the requested relief, finding the claims were procedurally barred because they could have been but were not raised on direct appeal. See id. Petitioner appealed to the OCCA. Id. By order filed July 31, 2002, in PC-2002-681, the OCCA found that Petitioner's district court pleadings were "difficult to understand," but did make allegations of ineffective assistance of appellate counsel, an issue that was not specifically addressed in the district court's order. Id. Therefore, the OCCA remanded the matter to the district court for an evidentiary hearing and entry of findings of fact and conclusions of law on Petitioner's claim of ineffective assistance of appellate counsel. Id.

On October 30, 2002, the district court held a hearing on Petitioner's claim of ineffective assistance of appellate counsel. On January 9, 2003, the district court entered its findings of fact and conclusions of law. Id. The court found that appellate counsel was reasonably competent and that Petitioner had failed to show "that there is a reasonable probability that, but for counsel's error the results of petitioner's direct appeal or the jury verdict of guilt beyond a reasonable doubt would have been changed." Id. Petitioner appealed. For the first time, Petitioner presented an argument to the OCCA that because of the existence of a "conflict of interest" between his attorney and his co-defendant's attorney, he is entitled to an "automatic reversal" under Holloway v. Arkansas, 435 U.S. 475, 487 (1978). On February 18, 2003, in Case No. PC-2003-119, the OCCA affirmed the denial

of post-conviction relief. Id.

On March 31, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). His petition does not set out specific numbered claims and is not a model of clarity. Upon careful review of the petition and the response thereto, the Court agrees with Respondent that Petitioner sets forth three claims: (1) ineffective assistance of counsel as recognized in Holloway v. Arkansas, 435 U.S. 475 (1978); (2) error by the trial court in denying repeated requests to sever; and (3) ineffective assistance of trial counsel in failing to argue vigorously a motion to sever. See Dkt. # 1. In response to the petition, Respondent asserts that the first claim is unexhausted because it has not been fairly presented to the state courts. Nonetheless, Respondent urges the Court to apply an anticipatory procedural bar to the first claim. See Dkt. # 6. Respondent also contends that the second claim is procedurally barred. Id. According to Respondent, the third claim is not procedurally barred but lacks merit.

*ANALYSIS*

**A. Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.[1] In

---

[1]Petitioner alleges that he received ineffective assistance of counsel as a result of being tried jointly with his co-defendant. He relies on Holloway v. Arkansas, 435 U.S. 475 (1978), in support of his claim. The Holloway decision was not cited in Petitioner's post-conviction pleadings until the petition-in-error filed in the OCCA after the state district court held a hearing on Petitioner's ineffective assistance of appellate counsel claim. No conflict of interest claim was presented to the state district court. Thus, the conflict of interest claim was not fairly presented to the OCCA and could be considered unexhausted. In light of the procedural posture of this case, however, the Court finds it would be futile to require Petitioner to return to state court because his claim would undoubtedly be subject to a procedural bar independent and adequate to prevent habeas corpus

4

addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Petitioner is not entitled to relief**

The procedural status of Petitioner's claims is complicated. None of Petitioner's habeas claims were raised on direct appeal. As indicated above, the claim of ineffective assistance of counsel under Holloway was not presented to the state district court in Petitioner's application for post-conviction relief, but was first raised in Case No. PC-2003-119, the appeal from the state district court's denial of the ineffective assistance of appellate counsel claim. Both of Petitioner's remaining claims were first raised in his post-conviction application. In its initial order denying the application for post-conviction relief on procedural grounds, the state district court found that all claimed errors "could have been raised during trial or on appeal. They were not raised, and petitioner has failed to state a sufficient reason for his failure to so raise them; therefore it is now barred by res judicata." See Dkt. # 1, attached order filed May 1, 2002. On post-conviction appeal, the OCCA found that Petitioner had filed "a very confused and confusing brief in support of his arguments." Nonetheless, the OCCA remanded the matter to the state district court for consideration of the ineffective assistance of appellate counsel claim. After the state district court denied relief on the remanded issue, see Dkt. # 1, attached order filed January 9, 2003, Petitioner again appealed. The OCCA affirmed the denial of post-conviction relief. See Dkt. # 1, attached order filed February 18, 2003. The only issue address by the OCCA in the post-remand appeal, however, was ineffective

---

review. Therefore, there is no available state corrective process, and the consideration of the claim is not precluded by the exhaustion requirement of § 2254(b). The claim is, however, procedurally barred, see Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n. 7 (10th Cir. 2007) (describing application of "anticipatory procedural bar" to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it), and without merit.

assistance of appellate counsel under Strickland. It appears, therefore, that Petitioner defaulted two of his claims: his claim of ineffective assistance of counsel under Holloway and his claim that the trial court erred in failing to grant a motion to sever. The ineffective assistance of trial counsel claim may not be procedurally barred. See English v. Cody, 146 F.3d 1257, 1264 (10th Cir. 1998) (holding that the Oklahoma bar will apply in those limited cases where trial and appellate counsel differ and the ineffectiveness claim can be resolved upon the trial record alone).

Ordinarily, this Court will not consider issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice. Hickman v. Spears, 160 F.3d 1269, 1271 (10th Cir.1998); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991). The Tenth Circuit has held that in the interest of efficiency, however, a court can "avoid deciding procedural bar questions where claims can readily be dismissed on the merits." Brown v. Sirmons, --- F.3d ---, 2008 WL 307452 (10th Cir. Feb. 5, 2008) (citing Snow v. Sirmons, 474 F.3d 693, 717 (10th Cir.2007)). In light of the procedural complexities attributable to Petitioner's confusing pleadings filed in the state post-conviction proceedings and to the state courts' rulings, the Court finds that in the interest of efficiency, Petitioner's claims can be more readily addressed and disposed of on the merits.

**1. Request for relief under Holloway v. Arkansas**

In his habeas corpus pleadings, Petitioner argues that he is entitled to automatic reversal of his convictions under Holloway v. Arkansas, 435 U.S. 475 (1978). See Dkt. #s 1 and 9. He alleges that because his attorney, W. Creekmore Wallace, labored under a conflict of interest with his co-defendant's attorney, Caesar Latimer, he was deprived of the effective assistance of counsel in violation of the Sixth Amendment. He also claims that the state courts erred in applying the

6

Strickland v. Washington standard, requiring a showing of both deficient performance and resulting prejudice, because under Holloway, prejudice is presumed.

The Court finds Petitioner's claim lacks merit because the principles set forth in Holloway have no applicability to Petitioner's case. In Selsor v. Kaiser, 81 F.3d 1492 (10th Cir. 1996), the Tenth Circuit provided the following summary of Holloway:

> In Holloway three defendants were each charged with robbery and rape. The trial court appointed one public defender to represent all three defendants. Shortly thereafter the public defender moved for appointment of separate counsel for the three defendants because of the possibility of a conflict of interests. The motion was denied. Prior to the jury being empaneled, defense counsel renewed the motion for separate counsel, arguing "that one or two of the defendants may testify and if they do, then I will not be able to cross-examine them because I have received confidential information from them." 435 U.S. at 478, 98 S.Ct. at 1175. The trial court again denied the motion and trial began.
> During the presentation of the defense, the public defender informed the court that despite contrary advice, all three defendants had decided to testify. Their testimony created a serious conflict of interests because the public defender could not cross-examine witnesses against his clients as those witnesses were also his clients. Despite this conflict, the trial court required the public defender to continue the joint representation and convictions followed, which the Arkansas Supreme Court upheld. The Supreme Court reversed, holding that the failure of the trial judge "either to appoint separate counsel or to take adequate steps to ascertain whether the risk [of a conflict of interest] was too remote to warrant separate counsel . . . in the face of the representations made by counsel . . . deprived petitioners of the guarantee of 'assistance of counsel.'" 435 U.S. at 484, 98 S.Ct. at 1178-79.

Selsor v. Kaiser, 81 F.3d at 1497-98. The instant case is clearly distinguishable from Holloway. Although Petitioner and his co-defendant were tried jointly, they were represented by different attorneys. Furthermore, there was no evidence of antagonistic defenses. Petitioner testified at trial and denied involvement in the shootings. He also presented "alibi" witnesses. His co-defendant did not testify. The Court concludes that Petitioner's claim under Holloway is meritless.

### 2. Trial court erred in failing to grant motion for severance

Petitioner asserts that he was denied a fair trial as a result of being tried jointly with his co-

defendant. Counsel for Petitioner's co-defendant requested a severance multiple times. Each request for a severance was denied by the trial court. See, e.g., Dkt. # 7, Tr. Trans. at 395-96, 541-42, 970.

Generally, severance is a question of state law not cognizable in federal habeas proceedings. Fox v. Ward, 200 F.3d 1286, 1292 (10th Cir. 2000) (citing Cummings v. Evans, 161 F.3d 610, 619 (10th Cir.1998)). There is no constitutional right to severance without a strong showing of prejudice caused by the joint trial. See id. Severance is not constitutionally required merely because defense theories conflict or because one defendant is attempting to cast blame on another. Rather, a petitioner must show "real prejudice." Id. at 1293. "Such actual prejudice is shown if the defenses are truly mutually exclusive, such that the jury could not believe the core of one defense without discounting entirely the core of the other." Id. (quotation omitted). "'Mutually antagonistic defenses are not prejudicial per se.'" Id. (quoting Zafiro v. United States, 506 U.S. 534, 538 (1993)).

After carefully reviewing the record in this case, the Court finds that Petitioner has failed to demonstrate that he suffered prejudice as a result of being tried jointly with his co-defendant. As discussed above, Petitioner asserted an "alibi" defense and no antagonism between Petitioner and his co-defendant can be discerned from the record. The Court recognizes that Petitioner believes his trial was rendered fundamentally unfair because many of the witnesses at the trial were gang members and the shootings were characterized as gang-related. Petitioner states that he was not a gang member. The record reflects that Petitioner's older brother, LeMarco Oliver, a member of the "Rolling Sixties" gang, was shot and killed less than one (1) month before the shootings for which Petitioner was convicted. Petitioner testified that before he died, his brother LeMarco Oliver identified Carlton Peters, the murder victim in this case, as the person who shot him. See Dkt. # 7, Tr. Trans. at 1002. Deray Owens, Carlton Peters' brother, testified that Peters had been accused of

killing Petitioner's brother. See id. at 553. Petitioner testified in his own behalf at trial and told the jury he was not a gang member. See id. at 978. He also testified that Erin Silmon, his co-defendant, was a good friend, probably his closest friend. Id. at 1028. Regardless of whether Petitioner belonged to a gang, the evidence indicated the shootings were gang-related. Even if Petitioner had been tried separately, his jury would have been subjected to the characterization of the shooting as gang-related because that is what the evidence showed. As a result, Petitioner has failed to demonstrate that he was prejudiced by being tried jointly with his co-defendant and the trial court's failure to grant a severance did not result in a fundamentally unfair trial.  Petitioner is not entitled to habeas relief on this ground of error.

### 3. Ineffective assistance of trial counsel

Petitioner asserted in his application for post-conviction relief that he was denied the effective assistance of counsel because his defense attorney failed to argue vigorously that his trial should be severed from that of his co-defendant.  The only ruling made by the OCCA on post-conviction appeal, however, was that Petitioner was not denied the effective assistance of appellate counsel.  Regardless of the procedural posture of this claim, the Court finds that Petitioner is not entitled to habeas corpus relief.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.   Strickland, 466 U.S. at 687-88.   There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id.

at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case Petitioner has failed to satisfy the performance prong of the Strickland standard. As discussed above, the trial court denied multiple requests for a severance made by counsel for Petitioner's co-defendant. Those denials did not result in a fundamentally unfair trial. Petitioner has presented no argument convincing the Court that had his attorney requested a severance, the request would have been granted. Petitioner and his co-defendant did not assert antagonistic defenses. Nothing in the record suggests that the trial court would have granted a motion to sever had one been filed by Petitioner's attorney. Thus Petitioner's attorney did not perform deficiently in failing to argue vigorously for a severance. Petitioner is not entitled to habeas corpus relief on this claim.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.
2. A separate Judgment shall be entered in this case.

DATED THIS 5th DAY of MARCH, 2008.

*Terence Kern*
TERENCE KERN
UNITED STATES DISTRICT JUDGE